United States District Court
For the Northern District of California

1

2          IN THE UNITED STATES DISTRICT COURT

3        FOR THE NORTHERN DISTRICT OF CALIFORNIA

4  DWIGHT GRANDBERRY,                        No. C 10-4698 SBA (PR)

5            Plaintiff,                      **ORDER OF SERVICE**

6     v.

7  G. D. LEWIS, et al.,

8            Defendants.
                                        /
9  ————————————————————————

10                    **INTRODUCTION**

11        Plaintiff, a state prisoner currently incarcerated at California State Prison - Los Angeles

12  County, has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants

13  violated his Equal Protection rights by implementing a lock down of black inmates while he was

14  incarcerated at Salinas Valley State Prison (SVSP) in January, 2009.

15        His motion for leave to proceed <u>in forma pauperis</u> has been granted.

16        Venue is proper because the events giving rise to the claim are alleged to have occurred at

17  the SVSP, which is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

18        In his complaint, Plaintiff names the following Defendants: SVSP Chief Deputy Warden G.

19  D. Lewis, SVSP Correctional Captain D. Mantel and SVSP Correctional Sergeant A. Meza.

20  Plaintiff seeks monetary damages.

21                     **DISCUSSION**

22  I.    **Standard of Review**

23        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

24  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

26  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

27  relief from a defendant who is immune from such relief.  <u>Id.</u> § 1915A(b)(1), (2).  <u>Pro se</u> pleadings

28  must be liberally construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**II.      Equal Protection Claim**

When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates.  More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

This applies to claims of racial discrimination:  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  Invidious racial discrimination such as racial segregation, which is unconstitutional outside prisons, also is unconstitutional within prisons.  See Johnson, 543 U.S. at 505-06.  A prison classification based on race is immediately suspect and is subject to the same strict scrutiny as a racial classification outside prison.  See id. at 508-10.  Prison officials must therefore demonstrate that the race-based policy or action is narrowly tailored to serve a compelling state interest.  Id. at 510-11; Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010) (applying Johnson to racial lockdowns in response to prison disturbances). Johnson did not rule out race-based classifications and did not eliminate prison security as a reason for such classifications, but instead determined that prison officials must demonstrate that race-based policies are narrowly tailored to address a compelling government interest such as prison security.  See Johnson, 543 U.S. at 511-13, 515 (remanding case for determination of whether CDC's policy of temporarily segregating inmates by race when they arrive in the prison system initially or are transferred to a new prison is narrowly tailored to serve a compelling state interest); see also Richardson, 594 F.3d at 671-72 (holding that, under Johnson, defendants moving for summary judgment on a racial classification claim must show that "reasonable men and women could not differ regarding the necessity of a racial classification in response to prison disturbances

2

and that the racial classification was the least restrictive alternative (i.e., that any race-based policies are narrowly tailored to legitimate prison goals);" and finding that defendants failed to carry this burden because they made no evidentiary showing at all concerning the basis for regarding all African-American inmates as a security risk when one or a few African-American inmates are responsible for an assault).

Here, Plaintiff alleges that, on or about January 16, 2009, Defendants Lewis, Mantel and Meza discriminated against Plaintiff when they denied his prison appeal of a SVSP policy which "locked down all the black inmates on yard one facility C based on a battery with a weapon involving two black inmates on yard one facility C."  (Compl. at 3.)  Liberally construed, Plaintiff's allegation that prison officials instituted a discriminatory lock down states a cognizable equal protection claim against Defendants Lewis, Mantel and Meza.  Accordingly, this claim may proceed against those Defendants.

### **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff states a cognizable equal protection claim against Defendants Lewis, Mantel and Meza.

2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **SVSP Chief Deputy Warden G. D. Lewis, SVSP Correctional Captain D. Mantel and SVSP Correctional Sergeant A. Meza**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If

service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

The defendant has made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e),

United States District Court
For the Northern District of California

4

1   that contradict the facts shown in the defendant's declarations and documents and

2   show that there is a genuine issue of material fact for trial.  If you do not submit your
    own evidence in opposition, summary judgment, if appropriate, may be entered

3   against you.  If summary judgment is granted [in favor of the defendants], your case
    will be dismissed and there will be no trial.

4   See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

5           Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex

6   Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with

7   evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

8   cautioned that because he bears the burden of proving his allegations in this case, he must be

9   prepared to produce evidence in support of those allegations when he files his opposition to

10  Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and

11  other witnesses to the incident, and copies of documents authenticated by sworn declaration.

12  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

13  complaint.

14          c.      If Defendants wish to file a reply brief, they shall do so no later than **thirty**

15  **(30) days** after the date Plaintiff's opposition is filed.

16          d.      The motion shall be deemed submitted as of the date the reply brief is due.

17  No hearing will be held on the motion unless the Court so orders at a later date.

18      5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

19  Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

20  Plaintiff and any other necessary witnesses confined in prison.

21      6.      All communications by Plaintiff with the Court must be served on Defendants, or

22  Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

23  Defendants or Defendants' counsel.

24      7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

25  informed of any change of address and must comply with the Court's orders in a timely fashion.

26  Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal

27  Rule of Civil Procedure 41(b).

28

**United States District Court**
For the Northern District of California

5

8.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

DATED:      5/24/11                                      *Saundra B Armstrong*
                                                        SAUNDRA BROWN ARMSTRONG
                                                        United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DWIGHT GRANDBERRY,

Case Number: CV10-04698 SBA

       Plaintiff,

**CERTIFICATE OF SERVICE**

  v.

G.D.LEWIS et al,

       Defendant.

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwight Dwayne Grandberry E-01386
California State Prison - Los Angeles County
P.O. Box 4430
Lancaster, CA 93539

Dated: May 25, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.10\Grandberry4698.service.wpd