United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT DWAYNE GRANDBERRY,<br><br>Plaintiff,<br><br>v.<br><br>G. D. LEWIS, et al.,<br><br>Defendants. | No. C 10-04698 SBA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR NEW BRIEFING SCHEDULE TO COMPLY WITH *RAND* SUMMARY JUDGMENT NOTICE; AND GRANTING PLAINTIFF'S REQUEST TO SUPPLEMENT HIS OPPOSITION** |

Plaintiff Dwight Grandberry, a state prisoner, filed the above-titled pro se civil rights action pursuant to 42 U.S.C. § 1983.

On May 1, 2012, Defendants filed their motion for summary judgment. (Docket No. 29.) Instead of filing an opposition to Defendants' motion, Plaintiff filed his own motion for summary judgment on June 29, 2012, supported by his declaration and documentary evidence. (Docket No. 40.) Defendants filed an opposition to Plaintiff's motion for summary judgment and a declaration in support thereof. (Docket Nos. 44, 45.) Plaintiff filed a reply and a supporting supplemental declaration. (Docket Nos. 46, 47.)

A recent decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. Woods v. Carey, 684 F.3d 934, 935, 940-41 (9th Cir. 2012).

On August 15, 2012, Defendants submitted a filing containing the notice of the requirements previously set forth by the Ninth Circuit in *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), and explained to Plaintiff what he must do in order to oppose a motion for summary judgment. Defendants request that the Court issue a new briefing schedule, and specifically "request that the Court give Plaintiff the opportunity to file an opposition to Defendants' motion for summary judgment within fourteen days of service of this Notice, and set the deadline for Defendants' reply for fifteen days after service of Plaintiff's opposition, if any." (Defs.' Aug. 15, 2012 Request at 3-4.)

On August 27, 2012, Plaintiff filed an opposition to Defendants' motion for summary judgment as well as a declaration in support of his opposition. (Docket Nos. 51, 52.)

On August 31, 2012, Plaintiff filed a request to supplement his opposition as well as a declaration in support thereof. (Docket No. 53.) In his request, Plaintiff seeks to supplement his opposition by stating additional grounds in relation to "his assertions advanced towards Defendant Martel at pages 6-10 of his opposition." (Pl.'s Aug. 31, 2012 Request at 1.) Plaintiff specifically seeks to amend his opposition with the following statement: "[T]hat the imposition of [CDCR] race-based lockdown policy against him violated his equal protection rights." (Id.) Plaintiff also includes a declaration stating the aforementioned statement under penalty of perjury. (Pl.'s Aug. 31, 2012 Decl. at 1.) The Court notes that Plaintiff has not attached any further argument or any documentary evidence to support his aforementioned statement. Because the Court has not yet ruled on Defendants' pending motion for summary judgment, Plaintiff's request to supplement his opposition (Docket No. 53) is GRANTED.

In addition, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' request for a new briefing schedule for further supplemental briefing on this matter to comply with the Rand summary judgment notice. The Court grants Plaintiff the opportunity to file a supplemental opposition to Defendants' motion for summary judgment. However, the Court will set a different briefing schedule than the one suggested by Defendants because that deadline has already passed. Plaintiff must file and serve his supplemental opposition to Defendants' motion no later than **twenty-eight (28) days** from the date of this Order. Defendants shall file and serve their supplemental reply to Plaintiff's supplemental opposition no later than **fourteen (14) days** after Plaintiff's supplemental opposition is filed.

**No further extensions of time will be granted in this case absent exigent circumstances.**

This Order terminates Docket Nos. 50 and 53.

IT IS SO ORDERED.

DATED: 9/12/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DWIGHT GRANDBERRY,

        Plaintiff,

v.

G.D.LEWIS et al,

        Defendant.

Case Number: CV10-04698 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwight Dwayne Grandberry E-01386
California State Prison - Los Angeles County
P.O. Box 4430
Lancaster, CA 93539

Dated: September 12, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk